UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-08 (PJS/BRT)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MICHAEL THOMAS PRALL,

        Defendant.

**ORDER OF DETENTION**

    This matter came before the Court for an initial appearance on January 26, 2022. The Defendant appeared in custody, via video conference, and was represented by First Assistant Federal Defender Manvir Atwal. The United States was represented by Assistant United States Attorney Alexander D. Chiquoine. This hearing was held via video conference due to the COVID-19 pandemic. The Defendant was informed of his right to an in-person hearing and after consulting with his attorney, waived that right and consented to proceeding via video conference.

    During the initial appearance, the United States moved that the Defendant be detained. After having had an opportunity to consult with his attorney prior to the initial appearance, the Defendant elected to waive his right to a detention hearing for the time being due to pending holds in the State of Minnesota. However, the parties and the Court agreed that should the Defendant's circumstances change, he may move to reopen the subject of his detention.

    In light of the Defendant's waiver, the Pretrial Services bond report recommending detention, Federal Rule of Criminal Procedure 5(d)(3), and the

standards and factors set forth in 18 U.S.C. § 3142, the Court grants the United States' motion for detention and orders that the Defendant be detained pending trial. The Court finds that no condition or combination of conditions will ensure the Defendant's appearance at future proceedings, or the safety of the community, based on the present record before the Court. However, as stated before, should the Defendant's circumstances change, he may move to reopen the issue of his detention. *See* 18 U.S.C. §§ 3142(f), 3145.

Based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The motion of the United States for detention of Defendant is **GRANTED**;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a Court proceeding.

Dated: January 26, 2022        *s/ Hildy Bowbeer*
                               The Honorable Hildy Bowbeer
                               United States Magistrate Judge