UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 22-cr-08 (PJS/BRT)

UNITED STATES OF AMERICA,

        Plaintiff,                         **PLEA AGREEMENT AND**
                                          **SENTENCING STIPULATIONS**

v.

MICHAEL THOMAS PRALL,

        Defendant.

The United States of America and Michael Thomas Prall (hereinafter, the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.    <u>Charges</u>. The Defendant voluntarily agrees to plead guilty to Count 1 of the Indictment, which charges him with bank robbery in violation of 18 U.S.C. § 2113(a). The United States agrees to move to dismiss Counts 2 and 3 of the Indictment at sentencing. The United States further agrees that it will not charge the Defendant with any other crimes related to the conduct described below.

    2.    <u>Factual Basis</u>. By pleading guilty, the Defendant admits the following facts are true and that, were this matter to go to trial, the United States would prove these facts beyond a reasonable doubt:

<u>Count 1:</u>



1

a. At all relevant times, the Defendant resided in the State and District of Minnesota. The conduct described herein took place in the State and District of Minnesota.

b. On or about November 30, 2021, the Defendant, by intimidation, took money in the care, custody, control, and possession of the Wells Fargo Bank branch located at 8770 East Point Douglas Road South, Cottage Grove, Minnesota. In short, on or about that date, the Defendant committed a bank robbery.

c. Specifically, on or about November 30, 2021, the Defendant entered the aforementioned Wells Fargo Bank branch with the intent of robbing it. He walked to a teller window and presented the teller with a note. That note demanded that the teller give the Defendant the money in her drawer and threatened that if she did not do so quickly, he would shoot her or someone else in the bank.

d. In response to the Defendant's demand and threat, the teller gave him the money in her drawer, which amounted to $775. That money was in the care, custody, control, and possession of Wells Fargo Bank. The Defendant did not have any lawful claim to that money, a fact of which he was aware at the time.

e. The Defendant fled the bank and was arrested a short time later with the stolen $775 in his possession.

f. The deposits at the Wells Fargo Bank branch the Defendant robbed were insured by the Federal Deposit Insurance Corporation (FDIC).

Additional admissions:

g. On or about November 19, 2021, the Defendant, by intimidation, took $4,589 which were then in the care, custody, control, and possession of the Bremer Bank branch located at 10040 City Walk Drive in Woodbury, Minnesota. The deposits of this bank were insured by the FDIC at the time. In short, on or about November 19, 2021, the Defendant robbed this bank.

h. On or about November 5, 2021, the Defendant, by intimidation, took $2,558 which were then in the care, custody, control, and possession of the US Bank branch located at 5149 98th Street West in Bloomington, Minnesota. The deposits of this bank were

2

insured by the FDIC at the time. In short, on or about November 5, 2021, the Defendant robbed this bank.

3.  **Waiver of Pretrial Motions**. The Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this Agreement, and based upon the concessions of the United States, the Defendant knowingly, willingly, and voluntarily gives up this right.

4.  **Waiver of Constitutional Trial Rights**. The Defendant understands that he has the right to plead not guilty and go to trial. At trial, the Defendant would be presumed innocent, have the right to a jury trial or, in certain circumstances, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these rights, except the right to counsel. The Defendant understands that by pleading guilty, he is admitting his guilt, and, if the Court accepts the guilty plea, he will be adjudged guilty without a trial.

5.  **Collateral Consequences**. The Defendant understands that because of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6.  **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries the following statutory penalties:

    a.  a term of imprisonment of up to 20 years (18 U.S.C. § 2113(a));

    b.    a supervised release term of up to 3 years (18 U.S.C. § 3583(b)(2));

    c.    a fine of up to $250,000 (18 U.S.C. § 3571(b)(3));

    d.    mandatory restitution to the victims (18 U.S.C. § 3663A); and

    e.    a mandatory special assessment of $100 (18 U.S.C. § 3013(a)(2)(A)).

**7.  Revocation of Supervised Release.** The Defendant understands that if he violates any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original term of supervised release, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

**8.  Guidelines Calculations.** The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.    <u>Base Offense Level</u>. The parties agree that the base offense level is **20**. U.S.S.G. § 2B3.1(a).

    b.    <u>Specific Offense Characteristics</u>. The parties **agree** that a **2-level enhancement** applies because property of a financial institution was taken. U.S.S.G. § 2B3.1(b)(1).

           The parties agree that an additional **2-level enhancement** applies because a threat of death was made. U.S.S.G. § 2B3.1(b)(2)(F)

           The parties agree that no other specific offense characteristics apply.

4

    c.    <u>Chapter 3 Adjustments</u>. Other than acceptance of responsibility, discussed below, the parties agree that no Chapter 3 Adjustments apply to this matter.

    d.    <u>Acceptance of Responsibility</u>. The Government agrees to recommend that the Defendant receive a **3-level reduction** for acceptance of responsibility and to make any appropriate motions with the Court. However, the Defendant understands and agrees that this recommendation and the associated motion are conditioned upon the following: (i) the Defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the Defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the Defendant commits no acts inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1.

**The Defendant's total adjusted offense level is <u>21</u> (20 + 2 + 2 - 3 = 21).**

    e.    <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the Defendant falls into criminal history category **IV**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. U.S.S.G. § 4A1.1. The Defendant's actual criminal history and related status (which could impact the Guidelines' advisory range of imprisonment) will be determined by the Court based on the information contained in the Presentence Report and by the parties at the time of sentencing. If the Defendant's criminal history category is something other than IV this is **<u>not</u>** a basis for either party to withdraw from this Plea Agreement.

    f.    <u>Guidelines Range</u>. If the adjusted offense level is **21**, and the criminal history category is **IV**, the advisory Guidelines range is **57–71** months of imprisonment.

    g.    <u>Fine Range</u>. If the adjusted offense level is 21, the fine range is $15,000 to $150,000. U.S.S.G. § 5E1.2(c)(3).

    h.    <u>Supervised Release</u>. The Sentencing Guidelines recommend a supervised release term of between one and three years. U.S.S.G. § 5D1.2(a)(2).

9. **Sentencing Advocacy Agreements and Limitations.** When advocating to the Court regarding the Defendant's sentence, the parties agree as follows:

   a. The Defendant may move for a downward departure and/or variance and the United States reserves the right to oppose such a motion.

   b. Based on the information presently known to the United States, as well as the particular circumstances of this case, including the Defendant's immediate guilty plea, the Defendant's agreement to pay restitution to all victims of his crimes, the Defendant's appellate, habeas, and FOIA waivers, and his agreement with regards to the Guidelines calculation—and assuming he engages in no acts inconsistent with acceptance of responsibility from the time this Agreement is signed through his sentencing (as determined in the government's sole discretion)—the United States agrees as follows:

      i. The United States will not move for an upward departure or variance from the Defendant's Guidelines; and,

      ii. The United States will not advocate for a sentence consisting of more than 60 months of imprisonment.

   c. The parties agree and jointly recommend that the Court impose a three year term of supervised release that, in addition to the standard conditions of supervised release, includes the following special conditions: (1) that the Defendant submit to a substance abuse assessment and if treatment/counseling is recommended, that he participate in that treatment/counseling; (2) that the Defendant submit to a mental health assessment and if treatment/counseling is recommended, that he participate in that treatment/counseling and follows the directives of his provider; and (3) that the Defendant make his financial accounts available to his supervising officer and that he not open or acquire new financial accounts without the permission of his supervising officer.

6

The parties understand and agree that while these recommendations and limitations bind them, they do not bind the Court. The Court, in its sole discretion, will determine the Defendant's sentence. In doing so, the Court may, or may not, adopt some or all of the parties' recommendations.

10. **Discretion of the Court**. The foregoing stipulations and agreements are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the Defendant's criminal history category. The Court may also depart and/or vary from the applicable Guidelines range. If the Court determines that the applicable Guidelines calculations or the Defendant's criminal history category are different from that stated above, the parties may not withdraw from this Agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which he is convicted. U.S.S.G. § 5E1.3. The Defendant agrees to pay the special assessment, which is due and payable upon sentencing.

12. **Restitution**. The Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies to this case and that the Court is required to order the Defendant to make restitution to the victims of his crime. Specifically, the Defendant agrees to pay $775 in restitution to the Wells Fargo

7

Bank branch located at 8770 East Point Douglas Road South, Cottage Grove, Minnesota. The parties agree that $775 of the $802 seized from the Defendant at the time of his arrest will go towards satisfying this restitution amount. Any remaining funds seized from the Defendant will go towards paying the restitution amounts described below.

The Defendant also agrees to pay any valid restitution claim submitted by any employee of the Wells Fargo Bank branch that he robbed. At the time of this Agreement, no employee has submitted such a claim. However, if prior to sentencing, an employee does submit a valid claim for restitution, the parties agree that the Court should order the Defendant to pay such a claim and the Defendant agrees to pay any ordered amount.

The Defendant further agrees that he owes restitution, pursuant to 18 U.S.C. § 3663, related to the other robberies he committed. Specifically, the Defendant agrees to pay, and recommends the Court impose, restitution in the following amounts:

   a. $4,589 to the Bremer Bank branch located at 10040 City Walk Drive in Woodbury, Minnesota.

   b. $2,558 to the US Bank branch located at 5149 98th Street West in Bloomington, Minnesota.

The Defendant also agrees to pay any valid restitution claim submitted by any employee of either of these banks. At the time of this Agreement, no employee has submitted such a claim. However, if prior to sentencing, an employee does submit a

8

valid claim for restitution, the parties agree that the Court should order the Defendant to pay such a claim and the Defendant agrees to pay any ordered amount.

The Defendant represents that he will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the Defendant has any right, title, or interest. The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court. As part of this Agreement, the Defendant will complete, under penalty of perjury, a financial disclosure form—provided by the United States—listing all the Defendant's assets and financial interests valued at more than $1,000. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstance. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

13. **Forfeiture**. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Defendant agrees to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to violation of 18 U.S.C. § 2113 (bank robbery). This property includes, but is not limited to:

    a.    The $802 seized from the Defendant's person at the time of his arrest;

    b.    The clothing, backpack, and folding knife seized from the Defendant at the time of his arrest;

9

  c. The following items seized from the Defendant's apartment on November 30, 2021:

    i. Black North Face jacket;
    ii. Black Oakley hat;
    iii. Grey Brinks safe and contents (excluding any documentation or items that are unconnected to any criminality);
    iv. Clear vinyl gloves; and,
    v. Pre-paid debit cards.

**14.** **Waiver of Appeal and Collateral Attack**. The Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the Defendant's waiver of the right to appeal guilt or innocence, sentence, restitution, and forfeiture, and the constitutionality of the statutes to which the Defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by Defendant of the substantive reasonableness of a term of imprisonment of more than 60 months. The Defendant also waives the right to petition under 28 U.S.C. § 2255, except based upon a claim of ineffective assistance of counsel. The Defendant has discussed these rights with the Defendant's attorney. The Defendant understands the rights being waived and the impact of his waiver. The Defendant waives these rights voluntarily.

The United States agrees to waive its right to appeal any sentence except that it may appeal the substantive reasonableness of a term of imprisonment below 57 months.

**15.** **FOIA Waiver.** The Defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the

investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

**16.   Complete Agreement**.   This, and any agreements signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the Defendant. Other than this Agreement, the Defendant acknowledges that no threats, promises, or representations have caused him to plead guilty. The Defendant has read this Agreement and carefully reviewed each provision with his attorney. The Defendant further acknowledges that he understands and voluntarily accepts each term and condition of this Agreement.

CHARLES J. KOVATS, JR.
Acting United States Attorney

Date: 3/22/2022

for ALEXANDER D. CHIQUOINE
Assistant United States Attorney

Date: 3/22/22

MICHAEL THOMAS PRALL
Defendant

Date: 3/22/2022

DOUGLAS OLSON
SARAH WEINMAN
Assistant Federal Defenders
Counsel for Michael Thomas Prall

11